# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2021

Lyle W. Cayce
Clerk

No. 20-30712

MARK ANTHONY SPELL; LIFE TABERNACLE CHURCH,

*Plaintiffs—Appellants*,

*versus*

JOHN BEL EDWARDS, *in his individual capacity and his official capacity as Governor of the State of Louisiana*; ROGER CORCORAN, *in his individual capacity and official capacity as Chief of Police of Central City, Louisiana*; SID GAUTREAUX, *individually and in his official capacity as Sheriff of East Baton Rouge Parish, Louisiana*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-282

Before WIENER, ELROD, and HIGGINSON, *Circuit Judges*.
PER CURIAM:*

This case arises out of a series of executive proclamations issued by Louisiana Governor John Bel Edwards in response to the COVID-19

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30712

pandemic. Some of these proclamations imposed capacity restrictions on in-person religious worship gatherings. Plaintiffs, a pastor and his church, brought suit, alleging *inter alia* that these proclamations violated their rights under the Free Exercise Clause. The district court entered a final judgment dismissing the plaintiffs' claims.

In its opinion, the district court applied rational basis review to determine that the plaintiffs had not stated a claim for violation of the Free Exercise Clause and also determined that the plaintiffs' claims for injunctive relief were moot. In making its determinations, the district court did not have the benefit of considering the Supreme Court's recent cases regarding how the Free Exercise Clause applies in the particular context of state-imposed COVID-19 restrictions on religious worship. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67–69 (2020) (applying strict scrutiny to certain COVID-19 restrictions, and enjoining New York from enforcing COVID-19 restrictions on indoor worship); *S. Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716 (2021) (enjoining California from enforcing its COVID-19-related ban on indoor worship); *Tandon v. Newsom*, 141 S. Ct. 1294, 1297–98 (2021) (applying strict scrutiny to California's restriction on private religious gatherings, and enjoining California from enforcing those restrictions).

We express no opinion on the merits of this case or the immunity defenses raised by the defendants, which the district court should review in the first instance.

No. 20-30712

We VACATE the final judgment in this case and REMAND for the district court to analyze the plaintiffs' claims for damages[1] in light of Supreme Court authority.

---

[1] Plaintiffs expressly waived their claims for preliminary or interim injunctive relief. In their reply brief, Plaintiffs disclaimed any desire to present their claim for a permanent injunction in this appeal but stated that they intend to pursue it if they are successful on remand. We leave that issue to the district court in the first instance.